IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FFR SE, LLC : CIVIL ACTION
:
:
v. :
: NO. 14-5439
SEAN SANBORN, et al :

## ORDER

**AND NOW**, this 30th day of June 2015, upon consideration of Defendants Fielco, LLC, Fielco Industries, Inc. and Tony Ring's Motion to Dismiss the Second Amended Complaint (ECF Doc. No. 49), Defendants Sean Sanborn's, Jay Sanborn's and Polarhyde Distribution Corporation's Motion to Dismiss the Second Amended Complaint (ECF Doc. No. 50), Plaintiff's Opposition to each Motion (ECF Doc. Nos. 51, 52), Defendants Fielco, LLC, Fielco Industries, Inc. and Tony Ring's Reply Brief (ECF Doc. No. 53), and following Oral Argument addressing Plaintiff's claims in the Amended Complaint, and as detailed in the accompanying Memorandum, it is **ORDERED** Defendants Fielco, LLC, Fielco Industries, Inc. and Tony Ring's Motion to Dismiss (ECF Doc. No. 49) is **GRANTED in part** and **DENIED in part** and Defendants Sean Sanborn, Jay Sanborn and Polarhyde Distribution Corporation's Motion to Dismiss (ECF Doc. No. 50) is **GRANTED in part** and **DENIED in part**:

1. This Court retains federal question subject matter jurisdiction under the presently plead Lanham Act claim;

2. This Court lacks personal jurisdiction over Defendant Jay Sanborn and he is **DISMISSED**;

3. All claims against Defendants Fielco, LLC, Fielco Industries, Inc. and Tony Ring based upon alleged conduct of co-defendants Sean Sanborn or Polarhyde Distribution Corporation based upon theories of "joint venture", "agency" or "acting in concert" are **DISMISSED**;

4. Any claims against Defendant Tony Ring for conversion and unjust enrichment are **DISMISSED** as against him;

5. All remaining claims are subject to a binding arbitration in accordance with an August 2011 and February 2013 exclusive distribution agreement and Plaintiff shall file any such claims in the agreed arbitration forum within twenty (20) days of this Order or show cause to this Court as to why Plaintiff's case should not then be dismissed;

6. All remaining claims are **STAYED** pending the resolution of the final binding arbitration; and,

7. **The Clerk of Court shall place this matter in the Court's civil suspense docket** and Plaintiff shall provide this Court with a written status on the progress in the binding arbitration, representing the positions of all parties, on **September 18, 2015, November 18, 2015, January 19, 2015,** and every sixty (60) days thereafter until the arbitrable claims are resolved at which point Plaintiff shall promptly notify this Court.

**KEARNEY, J.**